UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FALLON VALDEZ,<br><br>                                   Plaintiff,<br><br>- against -<br><br>ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, KAREN MARCONI, AND RACHEL KOONTZ,<br><br>                                   Defendants. | **NOTICE OF MOTION**<br><br>Civil Action No.<br>7:21-CV-09261 (KMK) |

**PLEASE TAKE NOTICE**, that upon all prior pleadings and proceedings had herein, and pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, Defendants ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, KAREN MARCONI and RACHEL KOONTZ hereby move this Court, before the Honorable Kenneth M. Karas, United States District Court Judge, at the United States Courthouse located at 300 Quarropas Street, White Plains, New York 10601, at such time as to be determined by this Court, to reconsider that part of the Court's Opinion and Order dated March 28, 2023 that denied the Defendants' motion to dismiss Plaintiff's Title VII claim and claims against the individual Defendants under Section 1981 and Section 1983. The basis for this motion for reconsideration is set forth in the accompanying memorandum of law.

**PLEASE TAKE FURTHER NOTICE**, that Plaintiff's opposing papers, if any, shall be served upon Defendants' counsel on or before April 21, 2023; and

**PLEASE TAKE FURTHER NOTICE**, that Defendants' reply papers, if any, shall be served upon Plaintiff's counsel on or before April 28, 2023.

15776642.1 4/7/2023

Dated:  April 7, 2023

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
    Howard M. Miller, Esq.
    Jacqueline A. Giordano, Esq.
    *Attorneys for Defendants*
    1010 Franklin Avenue, Suite 200
    Garden City, New York 11530
    Email: hmiller@bsk.com
           jgiordano@bsk.com

TO:   Gregory R. Preston, Esq.
      PRESTON & WILKINS, LLC
      *Attorneys for Plaintiff*
      3000 Hempstead Turnpike, Suite 317
      Levittown, New York 11756
      Email: gpreston@pwlawllc.com

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  A*rthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), aff'd, 577 F. App'x 11 (2d Cir. 2014).  The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided."  S*hrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation omitted)); *Leith v. Emerson,* No. 05-CV-7867, 2007 WL 9818914, at *2 (S.D.N.Y. Nov. 20, 2007) ("Rule 6.3 is narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly [considered] by the court." (quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014).  Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000).  "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the [C]ourt." *Arthur Glick*, 965 F. Supp. 2d at 405 (citation omitted); *Shrader*, 70 F.3d at 257 (same).  In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Intergit, 52 F. Supp. 3d at 523* (same).

Defendants' Motion merely rehashes arguments that the Court has already considered in deciding their Motion To Dismiss and provides no valid basis for reconsideration.  *See In re Gen. Motors*, 2017 WL 3443623, at *1 ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation omitted)); *Leith*, 2007 WL 9818914, at *2 ("Rule 6.3 is narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly [considered] by the court." (quotation marks omitted)).

Defendants' Motion is denied.

SO ORDERED.



4/18/2023